IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Mid Western Auto Sales, Inc. | : | |
| | : | |
| Plaintiff, | : | Case No. 1:08-CV-793 |
| | : | |
| v. | : | Chief Judge Susan J. Dlott |
| | : | |
| Western Heritage Ins. Co. | : | ORDER GRANTING |
| | : | MOTION TO REMAND |
| Defendant. | : | |

This matter is before the Court on Plaintiff's Motion to Remand. (Doc. 6.) For the reasons that follow, the Court will **GRANT** Plaintiff's Motion.

**I.      BACKGROUND**

Plaintiff Mid Western Auto Sales originally filed this action in the Butler County, Ohio, Court of Common Pleas on October 17, 2008 asserting state law declaratory judgment, breach of contract, and insurance bad faith claims against Defendant Western Heritage Insurance Company. (Doc. 3.) Those claims stemmed from Western Heritage's refusal to provide a defense or coverage for Mid Western in three state cases filed against Mid Western.[1] Of those cases, one was dismissed without prejudice (*Shepard*), one was settled (*Harris*), and one is pending (*Bell*). (Doc. 6.) On November 12, 2008, Western Heritage removed the action to this Court on the basis of federal diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) and 28 U.S.C. § 1441(a) and (b). (Doc. 2.) Western Heritage then filed an Answer and Counterclaim in this Court. (Doc. 5.) Western Heritage asserted a counterclaim for declaratory judgment in its

---

[1] *Shepard v. Mid Western Auto Sales, Inc.*, No. CV 2007 04 1557 (Ohio C.P. Butler Cty.); *Bell v. Mid Western Auto Sales, Inc.*, No. CV 2007 04 1543 (Ohio C.P. Butler Cty.); and *Harris v. The Used Car Center, Inc., et al*, No. CV 2007 04 1515 (Ohio C.P. Butler Cty.).

Counterclaim.  Mid Western now has filed a motion to remand the action to state court.  (Doc. 6.)

## II. ANALYSIS

A defendant can remove an action from state to federal court if the federal court otherwise would have had original jurisdiction.  28 U.S.C. § 1441.  In pertinent part, 28 U.S.C. § 1332(a) provides that "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states."  The diversity of citizenship is an uncontested issue in this case.  The issue under § 1332 is whether the amount in controversy exceeds $75,000.

In the Sixth Circuit, the amount in controversy is "determined 'from the perspective of the plaintiff, with a focus on the economic value of the rights he seeks to protect.'"  *Smith v. Nationwide Prop. & Cas. Ins. Co.*, 505 F.3d 401, 407 (6th Cir. 2007) (quoting *Woodmen of the World/Omaha Woodmen Life Ins. Soc. v. Scarbro*, 129 F. App'x. 194, 196 (6th Cir. 2005)).  "All doubts as to the propriety of removal are resolved in favor of remand."  *Coyne ex. rel. Ohio v. American Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999); *see also Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 550 (6th Cir. 2006).  When damages sought in state court are unspecified, as they are in this case, a defendant seeking to remove a case on the basis of diversity jurisdiction has the burden of proving by a preponderance of the evidence that the plaintiff's claims meet the amount-in-controversy requirement.  *Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 158 (6th Cir. 1993).  This analysis must focus on the facts as they existed at the time of removal.  *Hayes v. Equitable Energy Res. Co.*, 266 F.3d 560, 573 (6th Cir. 2001).  According to the Sixth Circuit, "a single plaintiff may aggregate the value of her claims against a defendant to meet the

amount-in-controversy requirement, even when those claims share nothing in common besides the identity of the parties." *Everett v. Verizon Wireless Inc.*, 460 F.3d 818, 822 (6th Cir. 2006) (citing *Snyder v. Harris*, 394 U.S. 332, 335 (1969)).[2]

In this case, the value of the litigation is derived from the three state cases filed against Mid Western. The defense fees and costs in those three cases total approximately $28,000. Western Heritage points to the possibility of additional fees and costs in the ongoing litigation of the *Bell* case, as well as the possibility of additional fees and costs if the dismissed state court action, *Shepard*, is subsequently re-filed. (Doc. 8.) These damages are speculative, however, and they did not exist at the time of removal. The Court must focus on the facts as they existed at the time of removal. *Hayes*, 266 F.3d at 573.

Western Heritage, then, can only demonstrate the jurisdictional amount if this Court includes indeterminate damages, such as settlement demands and punitive damages. Several courts have considered settlement demands in the amount-in-controversy calculation. *See e.g.*, *Finnegan v. Wendy's Int'l Inc.*, No. 2:08-cv-185, 2008 WL 2078068, at *3 (S.D. Ohio May 13, 2008); *Osborne v. Pinsonneault*, No. 4:07CV-2-M, 2007 WL 710131, at *2 (W.D. Ky. Mar. 2, 2007). However, Western Heritage still must establish by a preponderance of the evidence that indeterminate damages will satisfy the amount-in-controversy requirement. *See Gafford*, 997 F.2d at 158. Western Heritage has not met this burden. Mid Western has engaged in settlement discussions during the *Bell* litigation for an amount ranging from $4,000 to $30,000. (Doc. 6.) Western Heritage, however, has not provided the Court a basis with which to evaluate an

---

[2] Plaintiff cites to *Everett* and argues that separate matters cannot be aggregated to establish the jurisdictional amount. That argument is applicable in cases where two or more plaintiffs seek to aggregate their claims. It is inapplicable in this case.

3

accurate settlement amount. As a result, the Court only can speculate as to whether the state case is more likely than not to settle and as to the settlement amount. Even if $30,000 is used as the appropriate settlement amount, Western Heritage still has not established that the amount in controversy exceeds $75,000 without considering punitive damages.

Punitive damages are considered in the amount-in-controversy calculation "unless it is apparent to a legal certainty that punitive damages cannot be recovered." *Hayes*, 266 F.3d at 572 (citing with authority *Holley Equip. Corp. v. Credit Alliance Corp.*, 821 F.2d 1531, 1535 (11th Cir. 1987)). In *Hayes*, however, the court did not provide instructions on how to calculate punitive damages as the calculation appears to have been unnecessary to the court's conclusion that the jurisdictional amount was met. Western Heritage must establish by a preponderance of the evidence that punitive damages will satisfy the amount-in-controversy requirement. *See Bower v. Am. Cas. Co.*, No. 99-4102, 2001 U.S. App. LEXIS 18053, *8-11 (6th Cir. Aug. 6, 2001). In *Bower*, the Sixth Circuit found that the removing defendant did not meet its burden on the punitive damages issue. The court explained that the defendant's "conclusory 'belief' that the amount of damages sought exceeds $75,000 does not suffice to carry its burden of establishing federal jurisdiction by a preponderance of the evidence." Id. at *10.

The Court finds the reasoning in *Bower* persuasive and finds that Western Heritage has not met its preponderance burden on the issue of indeterminate damages. Western Heritage conceded that punitive damages are available under Ohio law, and stated that Mid Western can possibly recover an amount up to nine times the compensatory damages. (Doc. 8.) Beyond those assertions, however, Western Heritage provided no evidence to show that it is more likely than not that Mid Western will recover punitive damages, and, if so, of what amount. Western

4

Heritage's statements amount to only a "conclusory belief" that total damages will exceed $75,000. Given that the Court must resolve all doubts in favor of remand, the Court concludes that it lacks jurisdiction over the state law claims.

Moreover, even if the Court had jurisdiction over the state law claims, the Court would decline to exercise its discretion to adjudicate the declaratory judgment claims. The Declaratory Judgment Act provides that provides that in "a case of actual controversy within its jurisdiction" a federal court "may" issue a declaratory judgment. 28 U.S.C. § 2201. Courts generally examine the following factors when determining whether to render a declaratory judgment:

> (1) whether the declaratory action would settle the controversy; (2) whether the declaratory action would serve a useful purpose in clarifying the legal relations in issue; (3) whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for a race for res judicata;"
> (4) whether the use of a declaratory action would increase friction between our federal and state courts and improperly encroach upon state jurisdiction; and
> (5) whether there is an alternative remedy which is better or more effective.

Grand Trunk W. R.R. Co. v. Consol. Rail Corp., 746 F.2d 323, 326 (6th Cir. 1984). In insurance coverage cases like this one, federal courts have declined to exercise jurisdiction where the underlying cases are being litigated in state court, the legal issues to be resolved are issues of state insurance law, and underlying cases and the coverage cases have common issues of fact. See e.g., Sestech Envtl. LP v. Westchester Surplus Lines Ins. Co., No. 1:08CV2417, 2009 WL 233620, at *2 (N.D. Ohio Jan. 30, 2009); PolyOne Corp. v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa., No. 5:08-cv-1425, 2008 WL 4592927, at *8 (N.D. Ohio Oct. 14, 2008). This Court declines to hear the declaratory judgment claims on the basis of this authority.

### III. CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Remand (doc. 6) is **GRANTED** and the

Clerk of Courts is directed to **REMAND THIS ACTION TO THE BUTLER COUNTY, OHIO COURT OF COMMON PLEAS**.

IT IS SO ORDERED.

                                              ___s/Susan J. Dlott_____
                                              Chief Judge Susan J. Dlott
                                              United States District Court